24-60019-TP-SINGHAL

| PROB 22 (Rev. 01/24) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 3:18-cr-180-BJD-PDB |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 24-60019-TP-SINGHAL |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Laurent Pierre Louis | Middle District of Florida | Jacksonville |
| | NAME OF SENTENCING JUDGE | |
| Hollywood, FL 33020 | The Honorable Brian J. Davis | |

FILED BY_____ *AT*_____ D.C.

*Jul 25, 2024*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

| DATES OF SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 01/18/2023 | 01/17/2025 |

**OFFENSE**

Count One: Conspiracy to Commit Wire Fraud; and Count Three: Aggravated Identify Theft

**JUSTIFICATION/REASON FOR TRANSFER** (e.g., prosocial ties, employment/education opportunities, violation of supervision)

Violation of supervised release and he resides in that district.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____Middle_____ DISTRICT OF _____Florida_____

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____Southern District of Florida_____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

June 24, 2024
_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____Southern_____ DISTRICT OF _____Florida_____

    IT IS HEREBY ORDERED that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7-22-2024
_____
Effective Date

_____
United States District Judge

FILED IN OPEN COURT
*10.10.18*

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

DANIEL BUTLER
  a/k/a "Flame"
LAURENT PIERRE LOUIS
  a/k/a "Slim"

CASE NO. 3:18-cr- 180-J-20PDB
Ct. 1:       18 U.S.C. § 1349
Ct. 2, 4:    18 U.S.C. § 1029(a)(5)
Ct. 3, 5:    18 U.S.C. § 1028A(a)(1)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

1.      Beginning in or about December 2014, continuing through in or

about May 2016, in the Middle District of Florida and elsewhere,

DANIEL BUTLER
a/k/a "Flame"
LAURENT PIERRE LOUIS
a/k/a "Slim,"

the defendants herein, did knowingly and willfully combine, conspire,
*each other and        w/c /DPP*
confederate, and agree with others known and unknown to the Grand Jury to

commit wire fraud, that is to execute and attempt to execute a scheme and

artifice to defraud, and to obtain money and property by means of material

false and fraudulent pretenses, representations, and promises, by transmitting

and causing to be transmitted by means of wire communications in interstate

and foreign commerce, writings, signs, visual pictures, and sounds for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1343.

2.      It was the purpose of the conspiracy for the defendants and their co-conspirators to enrich themselves unlawfully by, among other things: (a) falsely representing though their conduct that they were the cardholders of certain credit card accounts in order to use those accounts fraudulently to make purchases; and (b) concealing their fraudulent use of the accounts to benefit and to further the fraud scheme.

3.      The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purposes of the conspiracy included, among other things, the following:

a.      It was part of the conspiracy that the defendants and a co-conspirator repeatedly would telephone credit card issuers (including Capital One Bank), falsely represent that they were credit cardholders, and trick the card issuer into giving the defendants or their co-conspirators access to, and control over, the legitimate cardholders' accounts.

b.      It was part of the conspiracy that the defendants and their co-conspirators would make purchases using the legitimate cardholders'

2

accounts through a payment service intended to permit legitimate cardholders to use their mobile phones to complete credit card transactions.

        c.    When DANIEL BUTLER tricked the card issuer into giving him access to, and control over, the legitimate cardholders' accounts, it was part of the conspiracy that DANIEL BUTLER would send text messages to co-conspirators or give them a note to provide sufficient cardholder information to enable his co-conspirators to make purchases using the legitimate cardholders' accounts through the use of the payment service and mobile phones.

        d.    It was part of the conspiracy that the defendants and other co-conspirators would use the payment service, mobile phones, and the cardholders' accounts to make fraudulent purchases (frequently, of prepaid debit cards) from retailers, all without the legitimate cardholders' permission.

        e.    It was part of the conspiracy that the defendants and co-conspirators would drive from retailer to retailer to make these fraudulent purchases. Certain of these retailers were located in the Middle District of Florida, including retailers in Brevard County, Charlotte County, Manatee County, Sarasota County, Volusia County, Clay County, Saint Johns County, and Duval County.

3

      f.      It was part of the conspiracy that the defendants and their co-conspirators would use legitimate cardholders' accounts to make fraudulent purchases until the cardholders' credit limits were reached or the cardholders discovered the fraud and cancelled their credit card accounts.

      g.      It was part of the conspiracy that the defendants and their co-conspirators would share in the proceeds derived from the fraudulently purchased prepaid debit cards.

      h.      It was part of the conspiracy that the defendants' use of the payment service caused interstate wire communications to occur between the defendants and the card issuer, and between the retailers and the card issuer.

      i.      It was a further part of the conspiracy that defendants, in concert with others, would perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of the conspiracy and the acts committed in furtherance thereof.

All in violation of ~~in violation of~~ 18 U.S.C. § 1349.

## COUNT TWO

Beginning on or about December 12, 2015 and continuing through on or about January 31, 2016, in the Middle District of Florida and elsewhere, the defendant,

4

LAURENT PIERRE LOUIS
a/k/a "Slim,"

did knowingly and with intent to defraud effect transactions with access

devices, that is, Capital One credit card accounts with credit card numbers

ending 7217, 9611, 9387, 1698, 9016, 0431, 5632, 4718, issued to J.P., J.P.,

S.R., D.S., A.F., C.L., K.R., and R.C., respectively, to receive things of value

during a one-year period beginning on or about December 12, 2015, the

aggregate value of which is equal to or greater than $1,000, which offense

affected interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(5) and (c)(1)(A)(ii).


## COUNT THREE

On or about December 12, 2015, in the Middle District of Florida, and

elsewhere, the defendant,

LAURENT PIERRE LOUIS
a/k/a "Slim,"

did knowingly possess and use, without lawful authority, means of

identification of another person, specifically, J.P.'s name and Capital One

credit card numbers ending 7217 and 9611 issued to J.P., during and in

relation to a felony violation, specifically, wire fraud conspiracy, in violation

of 18 U.S.C. § 1349, as charged in Count One of this Indictment, and access

5

device fraud, in violation of 18 U.S.C. §§ 1029(a)(5), as charged in Count Two of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## COUNT FOUR

Beginning on or about December 17, 2015 and continuing through on or about January 23, 2016, in the Middle District of Florida and elsewhere, the defendant,

DANIEL BUTLER
a/k/a "Flame,"

did knowingly and with intent to defraud effect transactions, and aid and abet the effecting of transactions, with access devices, that is, Capital One credit card accounts with credit card numbers ending 8178, 3871, and 4098, issued to C.R., C.R., and S.B., respectively, to receive things of value during a one-year period beginning on or about December 17, 2015, the aggregate value of which is equal to or greater than $1,000, which offense affected interstate commerce.

In violation of 18 U.S.C. §§ 1029(a)(5), 1029 (c)(1)(A)(ii), and 2.

6

## COUNT FIVE

On or about December 17, 2015, in the Middle District of Florida, and elsewhere, the defendant,

### DANIEL BUTLER
a/k/a "Flame,"

did knowingly possess and use, without lawful authority, means of identification of another person, specifically, C.R.'s name and Capital One credit card numbers ending 8178 and 3871, issued to C.R., during and in relation to a felony violation, specifically, wire fraud conspiracy, in violation of 18 U.S.C. § 1349, as charged in Count One of this Indictment, and access device fraud, in violation of 18 U.S.C. §§ 1029(a)(5), as charged in Count Four of this Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE

1.     The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B) and 1029(c)(1)(C).

2.     Upon conviction of a conspiracy to violate 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, the defendants, shall forfeit to the United States

7

of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any

property, real or personal, which constitutes or is derived from proceeds

traceable to the offense.

3.     Upon conviction of a violation of 18 U.S.C. § 1029, the

defendants shall forfeit to the United States of America, pursuant to 18 U.S.C.

§ 982(a)(2)(B), any property constituting, or derived from, proceeds the person

obtained directly or indirectly, as a result of such violation, and pursuant to 18

U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to

commit the offense.

4.     The property to be forfeited includes, but is not limited to, the

following:

        a.     a sum of money of at least $513,462.40 which represents
the proceeds of the conspiracy to commit wire fraud
obtained by Defendant DANIEL T. BUTLER, a/k/a
"Flame"; and

        b.     a sum of money of at least $765,678.78 which represents
the proceeds of the conspiracy to commit wire fraud
offense obtained by Defendant LAURENT PIERRE
LOUIS, a/k/a "Slim."

5.     If any of the property described above, as a result of any act or

omission of the defendants:

8

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a

third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value;

e.      has been commingled with other property which

cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1)

and 1029(c)(2).

A TRUE BILL,

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: 

MICHAEL J. COOLICAN
Assistant United States Attorney

By: 

FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

9

FORM OBD-34
10/9/18 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

### DANIEL BUTLER
a/k/a "Flame"
### LAURENT PIERRE LOUIS
a/k/a "Slim"

## INDICTMENT

| Violations: | Ct. 1: | 18 U.S.C. § 1349 |
|---|---|---|
| | Ct. 2, 4: | 18 U.S.C. § 1029(a)(5) |
| | Ct. 3, 5: | 18 U.S.C. § 1028A(a)(1) |

A true bill, 

Foreperson

Filed in open court this 10th day

of October, 2018.

_____
Clerk

Bail    $_____

BOND, CLOSED, TRLSET

# U.S. District Court
# Middle District of Florida (Jacksonville)
# CRIMINAL DOCKET FOR CASE #: 3:18-cr-00180-BJD-PDB-2

Case title: USA v. Butler et al

Date Filed: 10/10/2018

Date Terminated: 12/23/2019

---

Assigned to: Senior Judge Brian J. Davis
Referred to: Magistrate Judge Patricia D.
Barksdale

**Defendant (2)**

**Laurent Pierre Louis**
*BOND*
*TERMINATED: 12/23/2019*
*also known as*
Slim
*TERMINATED: 12/23/2019*

represented by **Laurent Pierre Louis**
6012 Southwest 33rd St
Apt. 203
Miramar, FL 33023
PRO SE

**Darcy D. Galnor**
Galnor Shumard, P.A.
225 Water Street
Suite 1280
32202
Jacksonville, FL 32202
904-337-0900
Email: darcy@galnorshumard.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:1349.F ATTEMPT AND CONSPIRACY
TO COMMIT MAIL FRAUD
(1)

**Disposition**

Imprisonment; 60 months, this term consists
of a 36 month term as to Count One of the
Indictment and a 24 month term as to Count
Three of the Indictment, to run
consecutively.; Supervised Release: 24
months, this term consists of a 24 month
term as to Count One of the Indictment and
a 12 month term as to Count Three of the
Indictment, all such terms to run
concurrently.; Special Assessment: $100.00;
Restitution: $765,678.87

Query     Reports     Utilities     Help     What's New     Log Out

|  |  |
|---|---|
| 18:1028A.F FRAUD WITH IDENTIFICATION DOCUMENTS (3) | Indictment and a 24 month term as to Count Three of the Indictment, to run consecutively.; Supervised Release: 24 months, this term consists of a 24 month term as to Count One of the Indictment and a 12 month term as to Count Three of the Indictment, all such terms to run concurrently.; Special Assessment: $100.00; Restitution: $765,678.87 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1029A.F PRODUCES/TRAFFICS IN COUNTERFEIT DEVICE (2) | DISMISSED ON GOVERNMENT'S MOTION |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **Michael Coolican** |
|---|---|---|
| | | US Attorney's Office - FLM* |
| | | Suite 700 |
| | | 300 N Hogan St |
| | | Jacksonville, FL 32202 |
| | | 904-301-6300 |
| | | Fax: 904-301-6310 |
| | | Email: michael.coolican@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | |
| | | **Bonnie Ames Glober AUSA** |
| | | US Attorney's Office - FLM |
| | | Suite 700 |
| | | 300 N Hogan St |
| | | Jacksonville, FL 32202 |
| | | 904/301-6300 |
| | | Fax: 904-301-6310 |
| | | Email: bonnie.glober@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |

| 10/10/2018 | 1 | INDICTMENT returned in open court as to Daniel Butler (1) count(s) 1, 4, 5, Laurent Pierre Louis (2) count(s) 1, 2, 3. (TSW) (Entered: 10/11/2018) |
| 10/10/2018 | 4 | MOTION for Arrest Warrant by USA as to Laurent Pierre Louis. (TSW) Motions referred to Magistrate Judge Patricia D. Barksdale. (Entered: 10/11/2018) |
| 10/10/2018 | 5 | **ORDER granting 4 Motion for Warrant as to Laurent Pierre Louis (2). Signed by Magistrate Judge Monte C. Richardson on 10/10/2018. (TSW)** (Entered: 10/11/2018) |
| 10/17/2018 | | ARREST of Laurent Pierre Louis in Southern District of Florida. (TSW) (Entered: 10/18/2018) |
| 10/18/2018 | 9 | Initial appearance on Rule 5(c)3 as to Laurent Pierre Louis held on 10/17/2018 in District of Southern District of Florida (RULE 5(C)(3)). (TSW) (Entered: 10/18/2018) |
| 10/18/2018 | 10 | Rule 5(c)(3) Documents Received from District of Southern District of Florida as to Laurent Pierre Louis (RULE 5(C)(3). (TSW) (Entered: 10/18/2018) |
| 10/18/2018 | 11 | WAIVER of Removal Hearing by Laurent Pierre Louis (RULE 5(C)(3). (TSW) (Entered: 10/18/2018) |
| 10/18/2018 | 12 | ORDER of Removal to District of Middle District of Florida as to Laurent Pierre Louis signed by Magistrate Judge Barry S. Seltzer on 10/17/2018(RULE 5(C)(3). Modified on 10/22/2018 to edit text (TSW). (Entered: 10/18/2018) |
| 10/18/2018 | 13 | $50,000 PSB BOND entered as to Laurent Pierre Louis approved by Magistrate Judge Barry S. Seltzer. (RULE 5(C)(3)). (TSW) (Entered: 10/18/2018) |
| 10/18/2018 | 14 | ARREST Warrant Returned Executed on 10/17/2018 as to Laurent Pierre Louis. (TSW) (Entered: 10/18/2018) |
| 10/22/2018 | 15 | NOTICE of pendency of related cases re *CASE NOS. 3:17-cr-6-J-39JBT and 3:18-cr-14-J-39JBT* order of compliance to Local Rule as to Daniel Butler, Laurent Pierre Louis by USA. Related case(s): yes (Coolican, Michael) (Entered: 10/22/2018) |
| 10/23/2018 | 16 | NOTICE OF HEARING as to Daniel Butler and Laurent Pierre Louis: The initial appearance and arraignment hearings are scheduled for 10/29/2018 at 03:00 PM in Jacksonville Courtroom 5B before Magistrate Judge Patricia D. Barksdale. (ASL) (Entered: 10/23/2018) |
| 10/23/2018 | 25 | MINUTE entry for the initial appearance and arraignment (Laurent Pierre Louis) held on 10/23/2018 before Magistrate Judge Patricia D. Barksdale: Judge Barksdale adopted the order setting conditions of release filed in the Southern District of Florida and the defendant entered pleas of not guilty to counts one through three of the indictment. (DIGITAL) (ASL) (Entered: 10/24/2018) |
| 10/23/2018 | 26 | NOTICE of acceptance of general discovery by Laurent Pierre Louis (filed in open court). (ASL) (Entered: 10/24/2018) |
| 10/23/2018 | 27 | **ORDER appointing Darcy Galnor, Esquire, to represent Laurent Pierre Louis in this case. Signed by Magistrate Judge Patricia D. Barksdale on 10/23/2018. (ASL)** (Entered: 10/24/2018) |
| 10/23/2018 | 28 | **ORDER adopting 13 the previously imposed bond conditions (Laurent Pierre Louis). Signed by Magistrate Judge Patricia D. Barksdale on 10/23/2018. (ASL)** (Entered: 10/24/2018) |

| | | |
|---|---|---|
| | | **Judge Harvey E. Schlesinger; the jury trial is scheduled for the term commencing on 12/3/2018 at 09:30 AM in Jacksonville Courtroom 10C before Senior Judge Harvey E. Schlesinger; discovery, dispositive, and suppression motions are due by 11/20/2018. Signed by Deputy Clerk on 10/23/2018. (ASL)** (Entered: 10/24/2018) |
| 10/24/2018 | 30 | **ORDER transferring this case to the Honorable Brian J. Davis for all further proceedings pursuant to Local Rule 1.04(b) as to Daniel Butler, Laurent Pierre Louis. Signed by Senior Judge Harvey E. Schlesinger on 10/24/2018. (MGG)** (Entered: 10/24/2018) |
| 10/25/2018 | 31 | Case as to Daniel Butler, and Laurent Pierre Louis Reassigned to Judge Brian J. Davis. New case number: 3:18-cr-180-J-39PDB. Senior Judge Harvey E. Schlesinger no longer assigned to the case. (SJW) (Entered: 10/25/2018) |
| 10/25/2018 | 32 | NOTICE OF HEARING as to Laurent Pierre Louis: Status Conference set for 11/13/2018 at 04:30 PM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. Jury Trial set for trial term commencing on 12/3/2018 at 09:00 AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis.(CKS) (Entered: 10/25/2018) |
| 10/29/2018 | 34 | Unopposed MOTION for Protective Order by USA as to Daniel Butler, Laurent Pierre Louis. (Attachments: # 1 Exhibit A)(Coolican, Michael) Motions referred to Magistrate Judge Patricia D. Barksdale. (Entered: 10/29/2018) |
| 10/31/2018 | 35 | **ENDORSED ORDER granting 34 the United States' unopposed motion for a protective order. The protective order will be entered separately. Signed by Magistrate Judge Patricia Barksdale on October 31, 2018.(ASL)** (Entered: 10/31/2018) |
| 10/31/2018 | 36 | **PROTECTIVE ORDER signed by Magistrate Judge Patricia D. Barksdale on 10/31/2018. (ASL)** (Entered: 10/31/2018) |
| 11/07/2018 | 42 | NOTICE OF RESCHEDULING HEARING (AS TO TIME ONLY): The Status Conference hearing previously scheduled for 11/13/2018 at 4:30 PM is rescheduled as to Laurent Pierre Louis. New hearing time: Status Conference set for 11/13/2018 at 03:30 PM in Jacksonville Courtroom 12 C before Judge Brian J. Davis (CKS) (Entered: 11/07/2018) |
| 11/13/2018 | 45 | JOINT ORAL MOTION to continue trial by Daniel Butler, Laurent Pierre Louis. (CKS) (Entered: 11/14/2018) |
| 11/13/2018 | 46 | Minute Entry for proceedings held before Judge Brian J. Davis: STATUS Conference as to Daniel Butler, Laurent Pierre Louis held on 11/13/2018; granting 45 Oral Motion to continue trial as to Daniel Butler (1), Laurent Pierre Louis (2). Status Conference set for 3/11/2019 at 03:30 PM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. Jury Trial term to be set at a later date. Court Reporter: Cindy Packevicz-Jarriel (CKS) (Entered: 11/14/2018) |
| 03/11/2019 | 51 | JOINT ORAL MOTION to continue trial by Daniel Butler, Laurent Pierre Louis. (CKS) (Entered: 03/12/2019) |
| 03/11/2019 | 52 | Minute Entry for proceedings held before Judge Brian J. Davis: STATUS Conference as to Daniel Butler, Laurent Pierre Louis held on 3/11/2019; granting 51 Oral Motion to continue trial as to Daniel Butler (1), Laurent Pierre Louis (2). Status Conference set for 5/20/2019 at 03:30 PM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. Date Certain Jury Trial set for 6/17/2019 at 09:00 AM in Jacksonville Courtroom 12 C before |

| 04/04/2019 | 54 | NOTICE OF HEARING as to Laurent Pierre Louis: A change of plea hearing is scheduled for 4/10/2019 at 11:00 AM in Jacksonville Courtroom 5B before Magistrate Judge Patricia D. Barksdale. (ASL) (Entered: 04/04/2019) |
|---|---|---|
| 04/10/2019 | 55 | MINUTE entry for the change of plea hearing held on 4/10/2019 before Magistrate Judge Patricia D. Barksdale: Laurent Pierre Louis entered pleas of guilty to counts one and three of the indictment. (DIGITAL) (ASL) (Entered: 04/15/2019) |
| 04/10/2019 | 56 | CONSENT regarding entry of a plea of guilty as to Laurent Pierre Louis (filed in open court). (ASL) (Entered: 04/15/2019) |
| 04/10/2019 | 57 | PLEA AGREEMENT re: counts one and three of the indictment as to Laurent Pierre Louis (filed in open court; the original document has been returned to the AUSA. (ASL) (Entered: 04/15/2019) |
| 04/10/2019 | 58 | **REPORT AND RECOMMENDATION concerning plea of guilty re: counts one and three of the indictment as to Laurent Pierre Louis. The parties agreed to waive the 14-day objection period. Signed by Magistrate Judge Patricia D. Barksdale on 4/10/2019. (ASL)** (Entered: 04/15/2019) |
| 04/22/2019 | 59 | ACCEPTANCE OF PLEA of guilty and adjudication of guilt re: Count(s) One and Three of the Indictment as to Laurent Pierre Louis. Sentencing set for 7/25/2019 at 10:00AM in Jacksonville Courtroom 12 C before Judge Brian J. Davis on 4/22/2019. (CKS) (Entered: 04/22/2019) |
| 07/18/2019 | 69 | Consent MOTION for Forfeiture of proceeds in the amount of $765,678.78 by Laurent Pierre Louis. (Glober, Bonnie) (Entered: 07/18/2019) |
| 07/22/2019 | 72 | Unopposed MOTION to Continue Sentencing by Laurent Pierre Louis. (Galnor, Darcy) (Entered: 07/22/2019) |
| 07/23/2019 | 73 | **ORDER granting 72 Unopposed Motion to Continue Sentencing as to Laurent Pierre Louis (2). The sentencing in this matter is continued to September 30, 2019 at 2:00 p.m. before the undersigned in Courtroom 12C. Signed by Judge Brian J. Davis on 7/23/2019. (CKS)** (Entered: 07/23/2019) |
| 07/23/2019 | 74 | NOTICE OF RESCHEDULING HEARING: The Sentencing hearing previously scheduled for 07/25/2019 is rescheduled as to Laurent Pierre Louis. New hearing date and time:Sentencing set for 9/30/2019 at 02:00PM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. (CKS) (Entered: 07/23/2019) |
| 09/10/2019 | 79 | Unopposed MOTION to Continue Sentencing Hearing by USA as to Laurent Pierre Louis. (Coolican, Michael) (Entered: 09/10/2019) |
| 09/12/2019 | 80 | **ORDER granting 79 United States' Unopposed Motion to Continue Sentencing as to Laurent Pierre Louis (2). The sentencing in this matter is continued to October 30, 2019 at 2:00 p.m. before the undersigned in Courtroom 12C. Signed by Judge Brian J. Davis on 9/12/2019. (CKS)** (Entered: 09/12/2019) |
| 09/12/2019 | 81 | NOTICE OF RESCHEDULING HEARING: The Sentencing hearing previously scheduled for 09/30/2019 is rescheduled as to Laurent Pierre Louis. New hearing date and time:Sentencing set for 10/30/2019 at 02:00PM in Jacksonville Courtroom 12 C before Judge Brian J. Davis. (CKS) (Entered: 09/12/2019) |
| 10/10/2019 | 83 | NOTICE OF RESCHEDULING HEARING: The Sentencing hearing previously scheduled for 10/30/2019 is rescheduled as to Laurent Pierre Louis. New hearing date and |

| 12/05/2019 | 93 | SENTENCING MEMORANDUM by Laurent Pierre Louis (Attachments: # 1 Exhibit A) (Galnor, Darcy) Modified on 12/6/2019 (PAM). Counsel directed to refile incorrect case number reflected. (Entered: 12/05/2019) |
|---|---|---|
| 12/08/2019 | 94 | SENTENCING MEMORANDUM by Laurent Pierre Louis (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Galnor, Darcy) (Entered: 12/08/2019) |
| 12/19/2019 | 97 | Minute Entry for proceedings held before Judge Brian J. Davis: SENTENCING held on 12/19/2019 for Laurent Pierre Louis (2); granting 69 United States' Consent Motion for Entry of Order of Forfeiture ; Count(s) 1, 3, Imprisonment; 60 months, this term consists of a 36 month term as to Count One of the Indictment and a 24 month term as to Count Three of the Indictment, to run consecutively.; Supervised Release: 24 months, this term consists of a 24 month term as to Count One of the Indictment and a 12 month term as to Count Three of the Indictment, all such terms to run concurrently.; Special Assessment: $200.00; Restitution: $765,678.87; Count(s) 2, DISMISSED ON GOVERNMENT'S MOTION. Defendant shall voluntarily surrender at the institution designated by the Bureau of Prisons. The Defendant is ordered to report to the designated institution no later than 2:00 p.m. on January 27, 2020. Court Reporter: Shelli Kozachenko (CKS) (Entered: 12/23/2019) |
| 12/23/2019 | 98 | **JUDGMENT as to Laurent Pierre Louis (2), Count(s) 1, 3, Imprisonment; 60 months, this term consists of a 36 month term as to Count One of the Indictment and a 24 month term as to Count Three of the Indictment, to run consecutively.; Supervised Release: 24 months, this term consists of a 24 month term as to Count One of the Indictment and a 12 month term as to Count Three of the Indictment, all such terms to run concurrently.; Special Assessment: $200.00; Restitution: $765,678.87; Count(s) 2, DISMISSED ON GOVERNMENT'S MOTION Signed by Judge Brian J. Davis on 12/20/2019. (CKS)** (Entered: 12/23/2019) |
| 12/23/2019 | 99 | **ORDER OF FORFEITURE as to Laurent Pierre Louis. Signed by Judge Brian J. Davis on 12/19/2019. (CKS)** (Entered: 12/23/2019) |
| 01/13/2020 | 101 | **ORDER directing Defendant Laurent Pierre Louis to file within twenty days from the date of this Order a written declaration regarding decision not to file a notice of appeal. Signed by Judge Brian J. Davis on 1/10/2020. (CKS)** (Entered: 01/13/2020) |
| 01/21/2020 | 102 | ORDER Returned Executed as to Laurent Pierre Louis on 01/17/2020 at: 299 E Broward Boulevard, Suite 409, Fort Lauderdale, FL 33301 re 101 Order Regarding Notice of Appeal.(JEH) (Entered: 01/21/2020) |
| 06/26/2024 | | NOTICE to Southern District of Florida of a Transfer of Jurisdiction Prob-22 as to Laurent Pierre Louis. Using your PACER account, you may retrieve the docket sheet and any documents via the case number link. The clerk will transmit any necessary sealed/restricted documents via a separate email. If you require certified copies of any documents please send a request to InterdistrictTransfer_FLMD@flmd.uscourts.gov. If you wish the court to use a different email address in the future, please send a request to update your address to InterdistrictTransfer_TXND@txnd.uscourts.gov. (AJS) (Entered: 06/26/2024) |

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### UNITED STATES OF AMERICA

v

**LAURENT PIERRE LOUIS**
**a/k/a Slim**

**Case Number: 3:18-cr-180-J-39PDB**

**USM Number: 19267-104**

**Darcy D. Galnor, CJA**
**Suite 610**
**121 West Forsyth Street**
**Jacksonville, FL 32202**

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Three of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | May 2016 | One |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | December 2015 | Three |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count Two of the Indictment is dismissed on the motion of the United States and/or pursuant to the Plea Agreement.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: December 19, 2019

**BRIAN J. DAVIS**
**UNITED STATES DISTRICT JUDGE**

December 20th, 2019

**Laurent Pierre Louis**
**3:18-cr-180-J-39PDB**

### IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **SIXTY (60) MONTHS, this term consists of a THIRTY-SIX (36) MONTH term as to Count One of the Indictment, and a TWENTY-FOUR (24) MONTH term as to Count Three of the Indictment, to run consecutively.**

The Defendant may voluntarily surrender at the institution designated by the Bureau of Prisons. The Defendant is ordered to report to the designated institution **no later than 2:00 p.m. on January 27, 2020.**

### RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By: _____
Deputy United States Marshal

**Laurent Pierre Louis**
**3:18-cr-180-J-39PDB**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **TWO (2) YEARS, this term consists of a TWO (2) YEAR term as to Count One of the Indictment and a ONE (1) YEAR term as to Count Three of the Indictment, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. The Court orders the defendant to submit to random drug testing not to exceed two (2) tests per week.
4.   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Laurent Pierre Louis
3:18-cr-180-J-39PDB

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____          Date:_____

Laurent Pierre Louis
3:18-cr-180-J-39PDB

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.   You shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive.  Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.  During and upon the completion of this program, you are directed to submit to random drug testing.

2.   You shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

3.   You shall provide the probation officer access to any requested financial information.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| TOTALS | $200.00 | $0.00 | $0.00 | $0.00 | $765,678.87 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i) all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss[3] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Capital One Bank at Tax ID# 54-1780389 Specialty Investigations P.O. Box 85582 Richmond, Virginia 23260 | $765,678.87 | $765,678.87 | |
| Totals: | $765,678.87 | $765,678.87 | |

☒   The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒   the interest requirement is waived for the restitution.

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[3] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B (Rev. 09/19) Judgment in a Criminal Case

**Laurent Pierre Louis**
**3:18-cr-180-J-39PDB**

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$200.00** is due in full and immediately.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25.00 quarterly if you have a non-Unicor job or (2) pay at least 50 percent of your monthly earnings if you have a Unicor job. Upon release from custody, you shall pay restitution at the rate of $100.00 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly. Based on the financial status of the defendant, the Court waives imposition of a fine.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

The defendant shall forfeit to the United States the assets identified in the Order of Forfeiture.